No. 23-_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

COINBASE, INC.,

*Petitioner*,

v.

SECURITIES AND EXCHANGE COMMISSION,

*Respondent.*

On Petition for Review of the
Securities and Exchange Commission
Docket No. 4-789

## PETITION FOR REVIEW

| | |
|---|---|
| Reed Brodsky | Eugene Scalia |
| Lefteri J. Christos | *Counsel of Record* |
| GIBSON, DUNN & CRUTCHER LLP | Jonathan C. Bond |
| 200 Park Avenue | Nick Harper |
| New York, NY  10166 | Robert A. Batista |
| (212) 351-4000 | M. Christian Talley |
| | GIBSON, DUNN & CRUTCHER LLP |
| Monica K. Loseman | 1050 Connecticut Avenue, N.W. |
| Nicholas B. Venable | Washington, D.C.  20036 |
| GIBSON, DUNN & CRUTCHER LLP | (202) 955-8500 |
| 1801 California Street, Unit 4200 | EScalia@gibsondunn.com |
| Denver, CO  80202 | |
| (303) 298-5700 | |

*Counsel for Petitioner Coinbase, Inc.*

**PETITION FOR REVIEW**

Pursuant to 5 U.S.C. § 706, 15 U.S.C. §§ 77i, 78y, and Federal Rule of Appellate Procedure 15(a), Coinbase, Inc. petitions the Court for review of a December 15, 2023 order of the Securities and Exchange Commission ("Order"). The Order is attached as Exhibit A to this petition.

The Commission's Order denies a petition for rulemaking that Coinbase filed on July 21, 2022. Coinbase's petition asked the Commission to commence a rulemaking to clarify its standards for determining whether digital assets may be securities and to create an avenue for digital asset issuers and exchanges to register when required. In April 2023, having received no response from the Commission, Coinbase filed a petition for a writ of mandamus in this Court to compel the Commission to respond to the rulemaking petition. This Court retained jurisdiction and directed the Commission to report on the petition's status. *In re Coinbase*, No. 23-1779 (June 20, 2023), Dkt. 32. On October 11, 2023, the Commission reported that its staff had made a recommendation to the Commission. *Id.*, Dkt. 33. On December 15, 2023, over the dissent of two Commissioners, the Commission issued the Order denying Coinbase's rulemaking petition.

Coinbase seeks review of the Order on the grounds that it is arbitrary and capricious, an abuse of discretion, and contrary to law, in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.* The Commission's refusal to

1

engage in rulemaking, even while it continues a campaign of regulation by enforcement against Coinbase and others that exceeds its statutory authority, flouts the APA and fundamental principles of fairness it embodies. Coinbase respectfully requests that the Court hold unlawful, vacate, enjoin, and set aside the Order; direct the Commission to commence rulemaking; and provide such additional relief as may be appropriate.

Dated:  December 15, 2023

Reed Brodsky
Lefteri J. Christos
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166
(212) 351-4000

Monica K. Loseman
Nicholas B. Venable
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Unit 4200
Denver, CO  80202
(303) 298-5700

Respectfully submitted,

*/s/ Eugene Scalia*
Eugene Scalia (D.C. Bar No. 447524)
  *Counsel of Record*
Jonathan C. Bond
Nick Harper
Robert A. Batista
M. Christian Talley
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
EScalia@gibsondunn.com

*Counsel for Petitioner Coinbase, Inc.*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the Court's CM/ECF system and to be filed in paper format pursuant to this Court's Rule 113.1(a). I further certify that service was accomplished upon the following, in compliance with Rule 25(c) of the Federal Rules of Appellate Procedure, via first-class mail.

**United States Securities and Exchange Commission**
c/o Vanessa A. Countryman
Secretary
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-5400
Secretarys-Office@sec.gov
apfilings@sec.gov


December 15, 2023                         /s/ *Eugene Scalia*
                                          Eugene Scalia

                                          *Counsel for Petitioner Coinbase, Inc.*

# EXHIBIT A



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

**OFFICE OF**
**THE SECRETARY**

December 15, 2023

Paul Grewal
Chief Legal Officer
Coinbase Global, Inc.
paul.grewal@coinbase.com

    Re:   Petition for Rulemaking, File No. 4-789

Dear Mr. Grewal:

    This letter is in response to the Petition for Rulemaking that you filed on July 21, 2022 ("Petition" or "Pet.") on behalf of Coinbase Global, Inc. ("Petitioner").[1]

    The Petition suggests that the Commission engage in discretionary rulemaking of substantial scope to create "a new regulatory framework" for crypto asset securities.[2] Pet. 1, 3. The Petition does not include the "text or the substance of any proposed rule" as required by the Commission's Rules of Practice. 17 C.F.R. § 201.192(a). Rather, it includes "an outline to frame the topic" and more than 100 questions that Petitioner "believe[s] are important to consider." Pet. 7. The Petition generally addresses the classification of crypto assets as securities, registration and disclosure requirements for offers and sales of crypto asset securities, and intermediation of crypto asset security transactions.

    Pursuant to the Commission's Rules of Practice, the Petition was referred to the staff of the Divisions of Trading and Markets and Corporation Finance. The staff considered the Petition and comment letters received in response thereto and made a recommendation to the Commission. The Commission has carefully considered that recommendation, as well as the Petition and comment letters. After such consideration, and in the exercise of its broad discretion to set its rulemaking agenda, the Commission concludes that the requested rulemaking is currently unwarranted and denies the Petition.

---

[1] *See* Petition for Rulemaking – Digital Asset Securities Regulation, https://www.sec.gov/files/rules/petitions/2022/petn4-789.pdf.

[2] "Crypto asset" refers to an asset that is issued and/or transferred using distributed ledger or blockchain technology.

Paul Grewal
December 15, 2023
Page 2

      The Commission disagrees with the Petition's assertion that application of existing securities statutes and regulations to crypto asset securities, issuers of those securities, and intermediaries in the trading, settlement, and custody of those securities is unworkable. Moreover, the Commission has discretion to determine the timing and priorities of its regulatory agenda, including with respect to discretionary rulemaking such as that requested in the Petition. *See Massachusetts v. EPA*, 549 U.S. 497, 527 (2007). Any consideration of whether and, if so, how to alter the existing regulatory regime may be informed by, among other things, data and information provided by numerous undertakings directly or indirectly relating to crypto asset securities that the Commission is currently pursuing.[3] Accordingly, the Commission concludes that it is appropriate to deny the Petition. The Commission is also engaged in many undertakings that relate to regulatory priorities extending well beyond crypto asset securities.[4] The requested regulatory action would significantly constrain the Commission's choices regarding competing priorities, and the Commission declines to undertake it at this time.

      The Commission appreciates receiving Petitioner's considered views on the issues related to crypto asset securities raised in the Petition. The Commission benefits from engagement with market participants, including those focused on crypto asset securities, and will continue to so engage. To the extent that future circumstances warrant, the Commission may undertake further consideration of issues raised in the Petition.

                                              By the Commission,

                                              Vanessa A. Countryman
                                              Secretary

---

[3] *See, e.g.*, *Custody of Digital Asset Securities by Special Purpose Broker-Dealers*, 86 Fed. Reg. 11627 (Feb. 26, 2021); *Further Definition of "As a Part of a Regular Business" in the Definition of Dealer and Government Securities Dealer*, 87 Fed. Reg. 23054, 23057 n.36 (Apr. 18, 2022); *Regulation Best Execution*, 88 Fed. Reg. 5440, 5448-49, 5540-42 (Jan. 27, 2023); *Safeguarding Advisory Client Assets*, 88 Fed. Reg. 14672, 14676, 14688-94, 14700, 14706, 14710, 14715, 14726 (Mar. 9, 2023); *Regulation Systems Compliance and Integrity*, 88 Fed. Reg. 23146, 23166-69 (Apr. 14, 2023); *Supplemental Information and Reopening of Comment Period for Amendments Regarding the Definition of "Exchange,"* 88 Fed. Reg. 29448 (May 5, 2023).

[4] *See, e.g.*, Office of Management and Budget, Office of Information and Regulatory Affairs, *Securities and Exchange Commission Agency Rule List – Fall 2023* (Dec. 6, 2023), https://www.reginfo.gov/public/do/eAgendaMain; *see also Regulatory Flexibility Agenda*, 88 Fed. Reg. 48694 (July 27, 2023).