

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549**

**OFFICE OF THE
GENERAL COUNSEL**

September 18, 2024

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

*Via ECF*

Re:   *Coinbase, Inc. v. SEC*, No. 23-3202
      Response to Notice of Supplemental Authority

Dear Ms. Dodszuweit,

Respondent Securities and Exchange Commission writes in response to petitioner Coinbase, Inc.'s September 16, 2024 notice of supplemental authority regarding *Ohio v. EPA*, 144 S. Ct. 2040 (2024).

In *Ohio*, the Supreme Court stayed enforcement of an EPA rule issued under the Clean Air Act that required certain states to reduce pollution affecting air quality in downwind states. The Court concluded that the petitioners' argument that the agency had not adequately responded to comments received during the notice and comment period was likely to succeed on the merits. *See id.* at 2055 n.11.

*Ohio* is inapposite. It addresses notice and comment requirements that apply when the EPA *issues a rule*. *See* 42 U.S.C. § 7607(d)(6)(B) ("The promulgated rule shall … be accompanied by a response to each of the significant comments, criticisms, and new data submitted in written or oral presentations during the comment period."). It does not address the "brief statement" requirement that applies in cases such as this one where the Commission *declines to begin a rulemaking proceeding*. 5 U.S.C. § 555(e) ("Prompt notice shall be given of the

denial … of a written … petition" and "the notice shall be accompanied by a brief statement of the grounds for denial."). Befitting the decision *not* to engage in regulatory process, such a brief statement "need not be exhaustive." *Flyers Rts. Educ. Fund, Inc. v. United States Dep't of Transportation*, 957 F.3d 1359, 1363 (D.C. Cir. 2020); *see also Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 144 S. Ct. 2440, 2459 n.9 (2024) ("The agency's discretionary decision to decline to take new action would be subject only to deferential judicial review.") (cleaned up); SEC Br. 9. And the Commission's denial satisfied the brief statement requirement, including by identifying regulatory undertakings substantiating its determination not to replace the existing regulatory framework wholesale. SEC Br. 8-9, 13-17, 41-43.

Sincerely,

TRACEY A. HARDIN
*Assistant General Counsel*

DAVID D. LISITZA
*Senior Appellate Counsel*

*/s/ Ezekiel L. Hill*
EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
202-551-7724 (Hill)
hillez@sec.gov

cc:   Counsel of record (via ECF)