

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549**

OFFICE OF THE
GENERAL COUNSEL

September 20, 2024

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

*Via ECF*

Re:   *Coinbase, Inc. v. SEC*, No. 23-3202

Dear Ms. Dodszuweit,

Counsel for the Securities and Exchange Commission submit this letter in response to the Court's September 18, 2024 request for supplemental letter briefs addressing (1) "whether Coinbase complied with the requirements of 17 C.F.R. § 201.192(a) by including either 'the text or the substance' of the proposed rule" and (2) "what the consequences are for not complying." Dkt. 52.

1. *Coinbase did not comply with Rule of Practice 192(a)*.  The Commission's Rules of Practice require a rulemaking petition to, *inter alia*, "include a statement setting forth the text or the substance of any proposed rule." 17 C.F.R. § 201.192(a).  Coinbase's rulemaking petition did not include the text or substance of a proposed rule.  Rather, the petition provided Coinbase's "views on a

set of detailed questions that it believe[d] should be answered as part of the process necessary to implement an effective regulatory framework for digital asset securities." JA14; *see also, e.g.*, JA17 ("[W]e provide an outline to frame the topic and follow with a number of questions that we believe are important to consider as part of any rulemaking exercise.").

The notice of the denial of the petition included the Commission's determination that "[t]he [p]etition does not include the 'text or the substance of any proposed rule' as required by the Commission's Rules of Practice." JA5 (quoting 17 C.F.R. § 201.192(a)). Coinbase has not challenged that determination.

2. *The potential consequences of non-compliance include denial of the rulemaking petition*. "As the Commission deems appropriate," 17 C.F.R. § 201.192(a), it may deny a rulemaking petition for failure to include the text or substance of a proposed rule. *See, e.g., Daniel R. Ohlbaum*, 1976 WL 11920 (Oct. 13, 1976) (denying a rulemaking petition for failure to include the text of the proposed rule); *see also Vermont Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 543-44 (1978) (agencies are "free to fashion their own rules of procedure"); *Petitions for Rulemaking*, 43 Fed. Reg. 38575 (Aug. 29, 1978) (explaining that the Rules of Practice require a rulemaking petition to "adequately describe the substance of the proposal" to "fulfill the publication requirements of the APA.")

After explaining that Coinbase's rulemaking petition did not comply with the Rules of Practice, the Commission addressed the asserted basis for the petition and "conclude[d] that the requested rulemaking [was] currently unwarranted and denie[d] the [p]etition" for the reasons explained in the notice to Coinbase. JA5-6. That the Commission addressed the asserted basis for the petition did not cure or excuse the petition's noncompliance with the Rules of Practice. Although the notice to Coinbase did not identify that noncompliance as an independent basis for the Commission's denial, Coinbase's failure to include the text or the substance of a proposed rule substantiates the reasonableness of the Commission's denial and the adequacy of its explanation. Because the petition lacked rule text or substance, the Commission's response was reasonably directed to the petition's premise that a "new regulatory framework" is required for digital asset securities because the current regulatory framework is "unworkable." JA12-13; *see* SEC Br. 11-12.

Sincerely,

MICHAEL A. CONLEY
*Solicitor*

TRACEY A. HARDIN
*Assistant General Counsel*

DAVID D. LISITZA
*Senior Appellate Counsel*

/s/ *Ezekiel L. Hill*
EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
202-551-7724 (Hill)
hillez@sec.gov

cc:   Counsel of record (via ECF)