**GIBSON DUNN**

Eugene Scalia
Partner
T: +1 202.955.8210
escalia@gibsondunn.com

September 20, 2024

<u>VIA CM/ECF</u>

Patricia S. Dodszuweit, Clerk
Office of the Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   *Coinbase, Inc. v. Securities & Exchange Commission*, No. 23-3202 (3d Cir.)—
Supplemental Letter Brief Pursuant to September 18, 2024 Clerk's Letter

Dear Ms. Dodszuweit:

Petitioner Coinbase, Inc. respectfully submits this letter brief in response to the Clerk's letter of September 18 directing the parties to address "whether Coinbase complied with the requirements of 17 C.F.R. § 201.192(a) by including either 'the text or the substance' of the proposed rule and what the consequences are for not complying." ECF No. 52. Coinbase's detailed rulemaking petition complied with Section 201.192(a). But regardless, the Commission cannot now seek to defend its order denying Coinbase's rulemaking petition on procedural grounds because the agency did not do so in the order itself nor in its brief before this Court.

Section 201.192(a) is a provision of the SEC's Rules of Practice, which govern proceedings "before the Commission." 17 C.F.R. § 201.102. As relevant, it provides that a petition for rulemaking to the Commission "shall include a statement setting forth *the text or the substance* of any proposed rule or amendment desired." *Id.* § 201.192(a) (emphasis added). The text-or-substance requirement is explicitly disjunctive: a petitioner must *either* include a proposed rule's text *or* convey its substance. The rule implements the Administrative Procedure Act's requirement that "[e]ach agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule." 5 U.S.C. § 553(e).

Coinbase complied with Section 201.192(a) because Coinbase's rulemaking petition set forth a detailed "statement" of "the substance" of the rule Coinbase "desired." 17 C.F.R. § 201.192(a). Coinbase's rulemaking petition asked the Commission "to propose new rules for the offer, sale, registration, and trading of digital asset securities." JA13. Coinbase explained that the proposed rule should: (1) address the "[l]ack of clarity regarding how to determine whether a digital asset is a security," and (2) modify "[r]equirements that are fundamentally incompatible with the operation of digital asset securities." JA15. Over the course of 15 pages, Coinbase's petition elaborated on those topics and made specific proposals—for example, tailoring disclosure requirements to the unique aspects of digital assets, JA15, JA25-26; eliminating requirements to rely on broker-dealers and clearing agencies made unnecessary by

**GIBSON DUNN**

Patricia S. Dodszuweit, Clerk
September 20, 2024
Page 2

blockchain technology, JA16-17; and permitting exchanges to facilitate side-by-side trading in both securities and commodities, JA28. In addition, Coinbase submitted a supplemental comment letter that delineated a detailed proposed framework for digital-asset-related disclosures that would "establish a workable and effective registration and reporting regime." JA49, JA52-59. Coinbase's filings thus amply conveyed the "substance" of its proposal.

The substance of Coinbase's rulemaking petition was not lost on more than 1600 commenters who wrote in support of Coinbase's petition. The Chamber of Commerce's Center for Capital Markets Competitiveness, for example, urged the Commission to "tailor disclosure and custody requirements" to avoid "shoehorning blockchain technology into existing regulatory requirements that are not sensible as applied to digital assets." JA61 (quotation omitted). The Commission likewise understood the substance of Coinbase's rulemaking petition. Its order denying the petition recognized (though failed to grapple with) the "Petition's assertion that application of existing securities statutes and regulations to crypto asset securities … is unworkable." JA6. And its brief in this Court also understood that the unworkability of existing rules was a "fundamental premise" of Coinbase's rulemaking petition. SEC Br. 9-10.

In its order denying Coinbase's rulemaking petition, the Commission said that the petition did not contain the "substance" of its proposal because it "include[d] an outline to frame the topic and more than 100 questions that [Coinbase] believe[s] are important to consider." JA5 (quotation omitted). That is incorrect. Those suggestions *added* substance to Coinbase's core proposal that the Commission define covered securities and make its rules workable for digital assets. The Commission has drawn upon rulemaking petitions in the past that took the same approach Coinbase did here. *See, e.g.*, Rulemaking Petition, File No. 4-711 (July 6, 2017), https://tinyurl.com/2cw5j7cp (declining to "includ[e] in this petition the text of disclosure requirements we believe the Commission should adopt" and instead "set[ting] forth our views on some of the larger questions that the Commission will likely need to consider"); 85 Fed. Reg. 63,726, 63,737-39 (Oct. 8, 2020) (explaining that the Commission responded to that petition by proposing, and ultimately adopting, amendments to its disclosure rules called for by the petition). If the Commission now interprets Section 201.192(a) to require more than what Coinbase provided, its revised interpretation would mark an unexplained arbitrary shift entitled to no deference, *Kisor v. Wilkie*, 588 U.S. 558, 579 (2019), and would impermissibly trench on Coinbase's statutory "right to petition for the issuance … of a rule." 5 U.S.C. § 553(e).

In any event, whether the Commission *could have* denied Coinbase's rulemaking petition on that procedural ground is of no moment because the SEC *did not* do so. If Coinbase's petition were procedurally deficient, the Commission could have promptly declined to consider the petition and requested that Coinbase revise and resubmit it, as the agency has done previously. *See, e.g.*, *Comments on Rulemaking Petition*, File No. 4-634 (June 15, 2011), https://tinyurl.com/bd8ryvpr (SEC emailed petitioner less than a week after receiving rulemaking petition: "If you wish us to treat your submission as a formal rulemaking petition, please resubmit your request to rule-comments@sec.gov with such text or substance.").

**GIBSON DUNN**

Patricia S. Dodszuweit, Clerk
September 20, 2024
Page 3

But the SEC did not do that here.  Instead, it sat on Coinbase's rulemaking petition for a year and a half and ultimately addressed and ruled on the petition's substance, over the dissent of two Commissioners.  JA5.  The SEC stated that it had "considered [Staff's] recommendation, as well as the Petition and comment letters," and "conclude[d] that the requested rulemaking is currently unwarranted."  *Id.*  In doing so, it summarily "disagree[d]" with Coinbase's workability concerns and purported to exercise its "broad discretion to set its rulemaking agenda."  JA5-6.  That decision—flawed and threadbare as it was, *e.g.*, Coinbase Br. 47-55—indisputably denied Coinbase's rulemaking request on the merits.  Confirming as much, the Commission's brief in this Court makes no mention of Section 201.192(a) in describing the basis of the Commission's denial order.  SEC Br. 8-9.  In short, the Commission recognized the substance of Coinbase's rulemaking petition—and likely recognized, too, that to have declared the petition procedurally deficient a year and a half after it was filed, and after repeatedly assuring this Court in the mandamus action that it was actively considering the petition, would have constituted an especially shocking delay of Coinbase's efforts to secure an answer to its petition and a clear, workable legal regime for the crypto industry.

Having declined to rely on Section 201.192(a) as a ground for denying Coinbase's rulemaking petition, the Commission cannot defend its action on that basis in this Court.  The "grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."  *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943).  The *Chenery* "doctrine prevents a court from affirming an agency's inadequately justified decision by substituting" a different justification.  *NLRB v. New Vista Nursing and Rehab.*, 870 F.3d 113, 133 n.12 (3d Cir. 2017) (quotation and citation omitted).  Thus, regardless whether the SEC *could* have required Coinbase to resubmit its petition under Section 201.192(a), it instead considered the petition's substance.  The SEC cannot now "fill in the hole" in its arbitrary order.  *Id.*

Moreover, even if the Commission's order had rested on Section 201.192(a), the SEC has forfeited any reliance on that provision by failing to advance that argument in this Court.  The Commission's brief nowhere argued that its denial order could be upheld based on a violation of Section 201.192(a).  SEC Br. 9-46.  The SEC mentioned that provision only in passing, in a single sentence of its background section, *id.* at 7, and thus "forfeited the argument."  *Stouffer v. Union R.R. Co., LLC*, 85 F.4th 139, 143 n.3 (3d Cir. 2023).  Any effort the SEC might now make to revive it would "come too late."  *In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016).

For all of these reasons, Section 201.192(a) has no bearing on the disposition of this case.

Respectfully submitted,

*/s/ Eugene Scalia*

Eugene Scalia

cc: Counsel of record (via CM/ECF)